UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Elena Katz, et al.

   v.                                   Civil No. 07-cv-383-PB

New Hampshire Department of
Health and Human Services,
Division of Children, Youth,
and Families, et al.

**REPORT AND RECOMMENDATION**

Elena Katz has filed a complaint in this Court, seeking relief from claimed violations of her rights arising out of state and federal law (document no. 1 & 7).[1]  The matter is before me

---

[1] Elena Katz has filed this action on her own behalf and on behalf of hundreds of John and Jane Doe plaintiffs who she defines as "[m]others, [f]athers and [c]hildren who were students in special educational program in Defendant Timberline [sic] Regalia [sic] School District under the NH Dept of Education, and who had a diagnosis of [j]uvenile [d]iabetes and NVLD, a disorder within an autistic spectrum, whose parents advocated for their special education needs within Timberline [sic] School District and NH Department of Education."  Parties to a lawsuit cannot be represented by anyone other than themselves or a member of the bar.  See 28 U.S.C. § 1654; see also Local Rules of the United States District Court for the District of New Hampshire ("LR") 83.2(d) ("Persons who are not members of the bar . . . will be allowed to appear before this court only on their own behalf") and LR 83.6(b) ("Pro se parties must appear personally . . . . A *pro se* party may not authorize another person who is not a member of the bar of this court to appear on his or her behalf.").  Pro se litigants cannot "fairly and adequately protect the interests

for preliminary review to determine, among other things, whether the plaintiff has stated any claim upon which relief might be granted.  See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).  For the reasons stated herein, I recommend that the complaint be dismissed.

## Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(1).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if

---

of the class," as required by Fed. R. Civ. P. 23(a)(4).  See Avery v. Powell, 695 F. Supp. 632, 643 (D.N.H. 1988) (denying pro se plaintiff's motion for class certification because of his incompetence to represent the class); see also Young v. Wall, 2005 WL 1366742 *1 (D.R.I. May 24, 2005) (discussing requirements for certifying a plaintiff class under Fed. R. Civ. P. 23(a) in the context of a pro se complaint and finding such a complaint to be inadequate).  Accordingly, I will not consider any of the John or Jane Doe plaintiffs, or their interests, to be part of this action.

they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Discussion

Katz has alleged generally that she believes that the actions taken by the defendants in connection with previous state court litigation concerning her daughter violated plaintiff's constitutional rights and rights under state law.  Katz asserts that the defendants acted in conspiracy with one another and individually, but she has not alleged any specific facts as to which defendant engaged in what actions, and how those actions affected her rights.

In filing a civil rights complaint, a "claim must at least set forth minimal facts, not subjective characterizations, as to

who did what to whom and why."  Guglielmo v. Cunningham, 811 F. Supp. 31, 35 (D.N.H. 1993) (quoting Dewey v. Univ. of N.H., 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983)); accord Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995) ("Even pro se litigants must do more than make mere conclusory statements regarding constitutional claims.") (internal citations omitted).  Katz has failed to state any facts that could be generously construed to enable her to clear even the low hurdle for pro se pleadings.  I therefore recommend that her asserted § 1983 claims be dismissed.

Katz also has alleged a number of claims based on state tort law.  A federal district court may exercise its supplemental jurisdiction over such claims if they arise out of the same facts and circumstances as properly asserted federal claims.  28 U.S.C. § 1367(a).  However, a district court may decline to exercise its supplemental jurisdiction where it dismisses all of the claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  Here, where I recommend dismissal of all of the federal claims over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331, I decline to exercise supplemental jurisdiction over the claims based on state law.

Because I find that Katz's allegations do no more than state conclusory claims without specific factual assertions to support them, I recommend that the complaint be dismissed.  Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                          _____
                                          James R. Muirhead
                                          United States Magistrate Judge

Date:     December 6, 2007

cc:       Elena Katz, pro se